

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-16,721-11; WR-16,721-12; WR-16,721-13; WR-16,721-14

### EX PARTE RONALD DALE EITEL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 364014-E; 356103-E; 354015-E; 356099-E
### IN THE 263RD DISTRICT COURT FROM HARRIS COUNTY

**KELLER, P.J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### CONCURRING OPINION

Applicant pled guilty to these four offenses in 1982. He now alleges that his pleas were involuntary and his trial attorney rendered ineffective assistance of counsel because counsel made factual misrepresentations to him regarding the results of serology testing. The Court remands the cases for the trial court to look into the allegations and make findings of fact, and I join the Court's order. I write to alert the trial court to questions I have about the meaning of what is in some of the serology reports, including the scientific significance of certain results.

At the times of these offenses, DNA testing was not available. Serology testing was used to

determine whether a suspect could be the perpetrator of a sex crime. If the perpetrator was a "secretor," his blood type might be determined from testing seminal fluid. Serology reports show that Applicant is a secretor and he has type "O" blood.

Applicant alleges that serology tests exclude him as the perpetrator in five of the six cases set for trial. For example, he claims he is excluded from the offense in Cause No. 356100, Lab Ref. No. L82-1600, because the result of blood testing showed the blood came from someone who was a secretor and had type "A" blood. But it looks like the type "A" blood listed in the initial report is from the victim, not Applicant. The report shows that a vial of blood was taken from the victim, and the report later states that "the blood specimen" was determined to be type "A". Another report shows that stains and slides from that offense revealed type "A" secretor status. Whether this could have resulted from the victim being a type "A" secretor is unclear to me. The same concerns arise in at least some of the other reports.

On the offense referenced L82-3720, seminal stains were detected on smears and swabs submitted by one of the victims. But the report is marked "continued" at the bottom of the page, and it looks like a page is missing. Another report shows that testing in that offense revealed type "A" and type "O" blood and secretor status. Without knowing the victim's blood type, which information could be on the missing page, I cannot tell what, if any, significance the type "A" blood identification might have. I also do not know whether the type "A" finding could have resulted from contributions to the sample from the victim or whether it does mean, as Applicant alleges, that the perpetrator had type "A" blood.

There is also a question about whether this habeas application should be dismissed as a subsequent writ. It appears that Applicant was aware of the serology reports when he filed his last writ application.

Findings on all of these issues would be helpful to me in resolving Applicant's claims.

Filed: December 7, 2022
Do not publish